[No. 20614. In Bank. — May 3, 1890.]

THE PEOPLE, RESPONDENT, v. CARL A. LUNDQUIST, APPELLANT.

CRIMINAL LAW — PRACTICE — COMMISSION TO TAKE DEPOSITIONS — JURISDICTION — DISCRETION. — The superior court has jurisdiction and is in duty bound to grant an order for a commission to take the depositions of witnesses out of the state, to be used in a criminal case, in behalf of the defendant, when the evidence sought to be elicited is material and important to the defense, and the showing made contains all that the statute requires. Nor will it be considered whether the ruling refusing such commission was within the discretion of the court, if it is refused on the sole ground of want of jurisdiction to make the order.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*John Flournoy,* for Appellant.

*Attorney-General Johnson,* for Respondent.

WORKS, J.— The defendant was tried for murder, convicted of murder in the second degree, and sentenced to imprisonment in the state's prison for the term of thirty-four years. It appears, from the record, that the defendant, some time before the case was set down for trial, applied to the court below for a commission to take the depositions of witnesses out of the state; and in support of his application filed the following affidavits: —

"John Flournoy, being duly sworn, says: I am an attorney at law. I was, on the seventh day of August, 1888, appointed by Hon. D. J. Toohy, judge of said court, to defend the above Carl Albert Lundquist. Carl Albert Lundquist, the defendant, is now confined in the county jail of said county, awaiting his second trial on a charge of murder. The said defendant was first tried in this court upon this charge on and from the fourteenth day of May, 1888, to the twenty-third day of May, 1888. At the first trial of defendant the jury disagreed. J. N. E. Wilson, an attorney at law, was counsel for defendant at his first trial, but has now withdrawn from this case. The defense in this case is insanity produced by epilepsy, which was inherited from the mother of defendant. At the first trial of said defendant, the following part of an informal deposition made by Minnie Midland, Louis Lundberg, Minnie Hanson, and August Burquist, all residing in the city of Stockholm, Sweden, was admitted in evidence: —

"'We state that the mother of Albert Lundquist

(meaning defendant) was subject to epileptic fits, which fits occurred several times in our presence; and that his brother was insane at times, and always an idiot.'

"No objection was made to the introduction of this part of said deposition on the first trial of said case, and the above part of said deposition was admitted in evidence by agreement and consent of counsel for the prosecution. On the fifth day of September, 1888, J. J. Dunne, Esq., assistant district attorney of said city and county, who conducted the prosecution at the first trial of this case, and who is to conduct the prosecution of this case at the second trial thereof, notified me that he would not, at the second trial of this case, consent to the admission in evidence of said part of said deposition; that said deposition and said part thereof are not in proper legal form, and cannot be put in evidence unless objections thereto are waived by counsel for the prosecution. The facts stated in said part of said deposition and the proof thereof are material and essential, and necessary to the defense of this case. I desire to obtain the testimony of said witnesses upon facts in a proper legal form, and I cannot safely proceed to the trial of said case without such testimony. All of said witnesses now reside in the city of Stockholm, Sweden."

"Carl Albert Lundquist, being first duly sworn, says: I am the defendant above named. I am now confined in the county jail of the city and county of San Francisco, awaiting my second trial on a charge of murder. I have entered my plea of not guilty to this charge, and an issue of fact has been joined in this case. My defense is insanity, produced by epilepsy. Minnie Midland, Louis Lundberg, Minnie Hanson, and August Burquist are material witnesses for my defense, without whose testimony I cannot proceed to trial. By the testimony of these witnesses I will prove that my mother, Sophie A. Lundquist, was subject to epileptic convulsions, and died insane, and that my brother, Philip

Lundquist, was an idiot, and died insane. All of these witnesses reside out of the state of California, to wit, in the city of Stockholm, Sweden."

It further appears, from the bill of exceptions, that the court refused to grant the order for such commission, *"on the ground that the court had no jurisdiction to make such order."*

We think the court erred in this ruling. Jurisdiction to make the order asked for is expressly given by the Penal Code. (Secs. 1349–1354.) The only question is, therefore, whether the showing made was sufficient to entitle the defendant to an order for a commission to take the depositions of these witnesses. Section 1354 of the Penal Code provides that "if the court to whom the application is made is satisfied of the truth of the facts stated, and that the examination of the witness is necessary to the attainment of justice, an order must be made that a commission be issued to take his testimony."

It is contended, on the part of the people, that as the court below must be satisfied by the showing, the matter of ordering the issuance of a commission rests in its discretion, and that no abuse of discretion appears in this case.

But if we concede that the matter rested in the discretion of the court below, it affirmatively appears from the record that no such discretion was exercised. The order was refused on the sole ground that the court had no jurisdiction to make the order. If the court had not been of this opinion, the order would probably have been made. That it should have been made we have no doubt.

The evidence sought to be elicited was material and important to the defense interposed by the defendant. The showing made contained all that the statute requires, and the reason for not having procured the order and the evidence before was sufficient. The informal depositions of these witnesses having been used on a

former trial with the consent of the district attorney, the defendant had the right to rely upon the fact that they would be allowed to go in evidence at the second trial, until he was notified to the contrary. The record shows that he offered them in evidence, but they were objected to and excluded. By these rulings he was deprived of competent and material evidence, which might have changed the result. He had been once tried, and with this evidence in, the jury failed to convict, and without it, a second jury found him guilty of a lesser offense than the one with which he was charged; which tends to show the materiality and probable effect of the testimony of which he was deprived. For this ruling the cause must be reversed.

Certain of the instructions given by the court are objected to, but they are not set out in a bill of exceptions or authenticated in any way, and for that reason cannot be considered.

Judgment and order reversed.

Fox, J., SHARPSTEIN, J., and THORNTON, J., concurred.

Rehearing denied.